IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRACI AND BRIAN D.,
as parents of and on behalf of
their minor child C.D.,

                          OPINION AND ORDER

           Plaintiffs,

                          08-cv-189-bbc

v.

MARSHALL JOINT SCHOOL
DISTRICT NO. 2,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil suit brought under the Individuals with Disabilities Education Act and state special law in which plaintiffs Traci and Brian D. (suing on behalf of their minor child, C.D.) seek $92,872.35 in attorney fees and costs as the prevailing party in both an administrative hearing and in defendant Marshall Joint School District No. 2's appeal to this court of the administrative law judge's decision, Case No. 08-cv-187-bbc (Jan. 8, 2009). Defendant challenges plaintiffs' proposed claim for fees, arguing that it should be reduced because the hourly rate for which reimbursement is sought is excessive and the fee petition includes non-compensable fees and costs, duplicative entries and insufficient documentation. Jurisdiction is present under 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. § 1331.

Because plaintiffs are the prevailing party, I will grant the petition for an award of fees and costs. However, I find that some of the claimed fees and costs should be reduced because they are either not compensable under the statute, are unrelated to either the administrative or federal court actions or are duplicative. Accordingly, I am reducing the award to $88,964.85.

OPINION

The Individuals with Disabilities Education Act provides that "the court in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party." 20 U.S.C. § 1415(i)(3)(B). In addition to fees incurred in litigation, the IDEA authorizes fee awards for services rendered in administrative hearings. T.D. v. LaGrange School District No. 102, 349 F.3d 469, 479 (7th Cir. 2003); Brown v. Griggsville Community Unit School District No. 4, 12 F.3d 681, 683 (7th Cir. 1993). Defendant does not deny that plaintiffs are entitled to fees and costs as the prevailing party in the due process hearing and subsequent appeal in this court. Linda T. ex rel. William A. v. Rice Lake Area School District, 417 F.3d 704, 707-08 (7th Cir. 2005) (party prevails under IDEA when he obtains "actual relief on the merits" of claim that "materially alters the legal relationship between the parties") (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)). Therefore, the remaining question is what amount constitutes

2

a reasonable attorney fee award. Jodlowski v. Valley View Community Unit School District #365-U, 109 F.3d 1250, 1252 (7th Cir. 1997).

District courts have significant discretion in determining the amount of a fee award. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). A reasonable fee is calculated using the lodestar method, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Id. at 433. The court may exclude hours not "reasonably expended" on the litigation, such as those that the court deems excessive, redundant or unnecessary. Id. at 434.

### A. Hourly Rate

In support of their petition, plaintiffs submit an affidavit from their attorney, Lynn Novotnak, who avers that plaintiffs incurred $88,192.50 in attorney fees (billed at an hourly rate of $275) and $4,679.85 in costs, totaling $92,872.35. Dkt. #28. Defendant argues that Novotnak's hourly rate is excessive because her actual rate for special education cases at the time of the administrative hearing was $200. In support of its assertion, defendant cites an October 2007 affidavit submitted by Novotnak in Jamie S. v. Milwaukee Board of School Directors, Case No. 01-C-928 (E.D. Wis.), in which she avers that "depending on the nature and complexity of the case, I charge clients $200.00 per hour in special education matters." Dkt. #24, Exh. A at ¶ 4. In reply, Novotnak explains that she regularly reduces

3

her hourly rate because many of the families that she works with are low income and cannot afford legal counsel. Dkt. #25. She maintains that $275 is her actual hourly rate for such cases.

Although I agree that it appears that Novotnak received $200 per hour in special education cases, at least in 2007, section 1415(i)(3)(C) of the IDEA provides that attorney fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." Given this mandate, I find that an hourly rate of $275 is reasonable. Plaintiffs have submitted affidavits from three other Wisconsin attorneys who practice in the area of special education: Susan Gramling, Jeffrey Spitzer-Resnick and Robert Theine Pledl. All attest that Novotnak's rate is a reasonable market rate for special education law. Defendant asserts incorrectly that none of the affiants address the market rate in Madison, Wisconsin, where this court sits. Although Gramling discusses only the Milwaukee, Wisconsin market rate, Spitzer-Resnick and Thiel aver that $275 conforms to the market rates in both Madison and the Western District of Wisconsin. Spitzer-Resnick avers that his own regular hourly rate is $275.

Equally unpersuasive is defendant's attempt to challenge Novotnak's hourly rate on the ground that her affidavit is misleading with respect to the number of years she has been practicing special education law. Although I do not find the affidavit to be misleading or

4

vague, Novotnak resolves any ambiguity regarding her special education experience in her second affidavit, which plaintiffs submitted with their reply brief. Dkt. #25.

### B. Objections to Specific Entries

1. Pre-hearing request

Defendant challenges the time that Novotnak spent consulting with plaintiffs and reviewing documents between May 30 and August 1, 2007 in preparation for filing a request for a due process hearing on August 2, 2007. Defendant argues that no fees should be awarded for any work done before August 2. In support, defendant cites Shanahan v. Board of Education of the Jamesville-DeWitt School District, 953 F. Supp. 440, 444 (N.D. N.Y. 1997), in which the district court noted that the "'trigger point' for attorney's fees under the IDEA is generally a request for an impartial hearing." However, the issue in Shanahan was whether annual individualized education program (commonly referred to as IEP) review meetings were "actions or proceedings" within the meaning of the IDEA's attorney fees provision. Id. The court did not discuss whether work performed in preparation for filing a hearing request was compensable. After the decision in Shanahan, the IDEA was amended to prohibit the award of attorney fees for certain services and to permit district courts to reduce a fee award in certain situations. 20 U.S.C. § 1415(i)(3)(D)-(F). For example, the statute provides that "[a]ttorneys' fees may not be awarded [for work] relating to any

5

meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action." § 1415(i)(3)(D)(ii). Nothing in the statute prevents plaintiffs from seeking fees for time spent preparing a legal challenge that they are entitled to bring under the statute. Because I find that the work that Novotnak performed between May 30 and August 1, 2007 was necessary and directly related to the subsequent administrative hearing, I will allow plaintiffs to recover attorney fees for that period.

2. August 2008 IEP meeting

Defendant relies on the prohibition in § 1415(i)(3)(D)(ii) against attorney fees for IEP meetings in objecting to the time Novotnak spent in conjunction with the IEP meeting convened on August 26, 2008. According to an affidavit submitted by defendant's attorney, that meeting was convened to discuss the implementation of C.D.'s IEP for the new school year. Dkt. #24. Plaintiffs argue in reply that the meeting was held while defendant's appeal was pending in case no. 08-cv-187-bbc, in which this court entered a stay put order requiring the continuation of C.D.'s January 2006 IEP. Although the August 2008 IEP meeting occurred during the course of litigation, plaintiffs have not shown that it was convened *as a result* of the judicial action. Presumably, C.D.'s IEP team would have to discuss the upcoming school year and review his IEP even in the absence of the instant lawsuit. Without evidence to the contrary from plaintiffs, I will reduce the fee award by $1,155.

6

3.  Expert witness and third-party costs

Defendant objects to a number of requests for reimbursement related to expert witnesses. Plaintiff seeks reimbursement for $1,416 in costs incurred on December 20, 2007 with respect to testimony, preparation and telephonic appearances by two expert witnesses. Defendant is correct that such costs are not compensable under the IDEA fee shifting provision. Arlington Central School District Board of Education v. Murphy, 548 U.S. 291, 300 (2006) ("[T]he terms of the IDEA overwhelmingly support the conclusion that prevailing parents may not recover the costs of experts or consultants."). Therefore, plaintiffs are limited to the witness fees of $40 per day provided in 28 U.S.C. § 1821. Id. at 298. The cost award will be reduced by $1,336.

Defendant objects to the time Novotnak spent trying to arrange deposition testimony for three expert witnesses in conjunction with the due process hearing (1.4 hours) and to the witness costs incurred ($1,224). Defendant's attorney avers that no depositions actually took place. I will allow reimbursement for Novotnak's time, which is reasonably related to preparation for the hearing. However, I will reduce the cost award by $1,224 because expert witness fees are not compensable under the Act. Because no depositions occurred, I will not award plaintiffs any witness fees.

I will not reduce the fee award for the time spent by Novotnak speaking with Traci D.'s father. Twenty minutes is not an excessive amount of time to explain pending litigation

7

to a client's family.  I also will not reduce the award for costs incurred with respect to Patrick Young and Carol Schmidtz.  Defendant objects to these costs because they related to individuals not associated with this case.  However, Novotnak explains that Young is a process server and "Carol Schmidtz" is actually Julie Schmidtz, a witness.

4.  Work unrelated to hearing

I will reduce the fee award by $110 for the .4 hours that Novotnak spent on January 19 and 20, 2009, discussing an "upcoming IEP meeting" and a complaint filed with the United States Department of Education, Office of Civil Rights.  None of this time appears related to either the administrative or federal court action, which was resolved by January 8, 2009.

5.  Duplicative and unexplained costs

Finally, defendant objects to what it understands to be duplicative fees and costs for serving subpoenas (three entries listed on November 16, 2007) and drafting a settlement letter (appears twice on December 29, 2008) and unexplained entries for mileage, photocopies and faxes.  Because plaintiffs explain and it appears from the fee petition that the costs incurred for serving subpoenas are not duplicative, I will allow plaintiffs to recover them.  However, plaintiffs admit that there should be only one entry of $82.50 for

8

December 29, 2008. The second entry for $82.50 will be disregarded and subtracted from the fee award. Finally, plaintiffs argue that the costs for mileage, photocopies and faxes were incurred in conjunction with the administrative hearing. Because the costs claimed are reasonable, I will allow them.

6. Award

Plaintiff's requested fees and costs in the amount of $92,872.35 minus the above deductions of $3,907.50 totals $88,964.85. I find this amount to be reasonable.

ORDER

IT IS ORDERED that the petition of plaintiffs Traci and Brian D. for an award of attorney fees and costs under 28 U.S.C. §1415 is GRANTED. Plaintiffs are awarded fees and costs in the amount of $88,964.85. The clerk of court is directed to enter judgment for plaintiffs and close this case.

Entered this 11th day of May, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

9